# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF VERMONT

PEI ZHANG,

        Plaintiff,

    v.

SMUGGLERS' NOTCH MANAGEMENT
COMPANY LTD.,

        Defendant.

Case No. 2:11-cv-302

## Memorandum Opinion & Order:
## Plaintiff's Motion for Enlargement of Time to Complete Service of Process; Defendant's Motion to Dismiss

Defendant Smugglers' Notch Management Company Ltd. ("Smugglers'") moved to dismiss for failure to complete service of process within the applicable statute of limitations. Plaintiff Pei Zhang moved for an enlargement of time to complete service of process to extend the period by 43 days. For the reasons that follow, Plaintiff's motion, ECF No. 4, is GRANTED. Defendant's Motion to Dismiss, ECF No. 3, is DENIED.

## Background

On December 25, 2010, Plaintiff, a resident of Andover, Massachusetts, sustained a serious fracture to her right leg while skiing at Smugglers' Notch Resort in Jeffersonville, Vermont.

On December 22, 2011, Plaintiff filed suit in this Court invoking its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff completed service on Defendant on April 3, 2012, 103 days after the initial filing. Defendant seeks dismissal of the claim as barred by Vermont's one-year statute of limitations for ski injuries, arguing that Plaintiff failed to comply with Rule 3 of the Vermont Rules of Civil Procedure, which allows 60 days to complete service when an action is commenced by filing. V.R.C.P. 3. Plaintiff seeks an enlargement of time in which to complete service.

## Discussion

### I. Vermont's Rule Governing Service of Process is an Integral Part of its Statutes of Limitations, which a Federal Court Sitting in Diversity Must Apply

This motion arises out of confusion over whether the federal or the state rule of procedure applies to service of process in a diversity action for purposes of calculating whether a claim is time-barred. Vermont requires that actions to recover for ski accidents be commenced within one year after the cause of action accrues. Vt. Stat. Ann. tit. 12, § 513. Vermont's Rules of Civil Procedure provide that a civil action may be commenced by filing a complaint with the court, and service must be completed within 60 days, during which the running of the statute of limitations is tolled. V.R.C.P. 3.

2

The time limit under the federal rules is 120 days after the initial filing. Fed. R. Civ. P. 4(m).

The Erie Doctrine requires a federal court in a diversity action to apply state law for all substantive matters and federal law for all procedural issues. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 92 (1939). Generally, the federal rule rather than the state rule of procedure governs the manner of service of process in federal court. See Hanna v. Plumer, 380 U.S. 460, 463-64 (1965). The United States Supreme Court, recognizing that statutes of limitations may have substantive as well as procedural aspects, has held that when "the right to recover" derives from state law and application of the statute of limitations would bar recovery in state court, a federal court ought not to afford recovery. Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99, 110 (1945). Moreover, when a state considers the service of process to be an integral part of the statute of limitations, the service rule becomes part of the substantive law and the state procedural rule governs. Walker v. Armco Steel Corp., 446 U.S. 740, 752-753 (1980).

The Vermont Supreme Court has stated that "if the filing of a complaint is to be effective in tolling the statute of limitations as of that filing date, timely service under the Rules of Civil Procedure must be accomplished." Weisburgh v.

McClure Newspapers, Inc., 396 A.2d 1388, 1389 (Vt. 1979). Subsequently, this Court has consistently ruled that service of process is an integral part of Vermont's statutes of limitations, and service must be achieved within Vermont's 60-day limit when failure to do so would exceed the statute of limitations. See Hitzig v. Hubbard, No. 1:08-CV-102, 2009 WL 1810850, at *2 (D. Vt. June 25, 2009); Lucas v. Wengert, No. 2:06-CV-169, 2007 WL 2792496, at *3-4 (D. Vt. Sept. 25, 2007)(adopting magistrate judge's recommendation); Cuocci v. Goetting, 812 F. Supp. 451, 452 (D. Vt. 1993); Poulos v. Wilson, 116 F.R.D. 326, 329-30 (D. Vt. 1987); see also Fish v. Bread Loaf Constr. Co., Inc., No. 96-9607, 1998 WL 29640, at *1 (2d Cir. Jan. 27, 1998) (summary order) (holding that Rule 3 is an integral part of Vermont's statute of limitations and affirming dismissal of action).

Plaintiff contends that Walker, and our cases following Walker, should not control the outcome here. When Walker was decided, the Federal Rules did not provide a time limit for service of process. Today, Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice or

order service within a specified time. Fed. R. Civ. P. 4(m).[1] According to Plaintiff, Rule 4(m) presents a "direct collision" with the state rule and Hanna demands that the state rule yield. 380 U.S. at 472-74.

Despite the changes in the federal rule since the case was decided, the United States Supreme Court still regards Walker as good law. See Henderson v. United States, 517 U.S. 654, 657 n.2 (1996)("In a federal-court suit on a state-created right, however, a plaintiff must serve process before the statute of limitations has run, *if* state law so requires for a similar state-court suit.")(citing Walker, 446 U.S. at 752-53).

Plaintiff also contends that a recent Vermont Supreme Court decision, Bessette v. Department of Corrections, 2007 VT 42, 928 A.2d 514 (2007), calls into question the conclusion that timely service is integral to Vermont's statute of limitations. In Bessette, the defendant challenged an extension of time to complete the service of process. 2007 VT 42, ¶ 11, 928 A.2d at 518. In upholding the propriety of granting an extension of time to complete service, the Court stated:

---

[1] Rule 4's time limit was contained in subsection (j) of the 1983 amendments. It was later moved to subsection (m) by the 1993 amendments. See Advisory Committee notes, 1993 amend.

> [T]he argument that extensions for service circumvent
> the statute of limitations is belied by the fact that,
> under *Weisburgh,* the date the complaint is filed
> controls the tolling of a statute of limitations.
> Plainly, Rule 6 would not apply to the initial filing
> of a complaint when no other act to commence the
> action had been taken because the rule is limited to
> acts controlled by the procedural rules or by the
> court. The date by which one must initiate an action
> is controlled by statute. The time permitted for
> service once a complaint has been filed, on the other
> hand, is a procedural matter controlled by the rules.

Bessette, 2007 VT 42, ¶ 13, 928 A.2d at 518 (internal citations omitted). Plaintiff argues that this description of the deadline for service as a procedural matter undercuts the authority holding that Rule 3 is an integral component of Vermont's statutes of limitations.

Plaintiff takes the Bessette comment out of context. In that paragraph, the Court was rejecting the contention that a judicially created rule permitting an extension of time for service conflicted with a legislatively mandated statute of limitations and thus violated the doctrine of separation of powers. Id. As the United States Supreme Court has held:

> Erie-type problems were not to be solved by reference
> to any traditional or common-sense substance-procedure
> distinction: 'And so the question is not whether a
> statute of limitations is deemed a matter of
> 'procedure' in some sense. The question is does it
> significantly affect the result of a litigation for a
> federal court to disregard a law of a State that would
> be controlling in an action upon the same claim by the
> same parties in a State court?'

Hanna, 380 U.S. at 466 (quoting Guaranty Trust, 326 U.S. at 109). In other parts of the decision, the Bessette Court explicitly relied on Weisburgh to hold that "where an action is commenced by the timely filing of a complaint, Weisburgh permits the statute of limitations to be tolled such that service may be completed after the limitation period has run, so long as it is completed in a timely manner under the rules." Bessette, 2007 VT 42, ¶ 12, 928 A.2d at 518. Since the Bessette court did not overrule Weisburgh, Vermont's service of process remains an integral part of the statute of limitations. In order to toll the Vermont statute of limitations in a federal court applying Vermont law, service of process must be completed within 60 days of filing the complaint.

**II. Plaintiff has Demonstrated Excusable Neglect**

Plaintiff has requested an enlargement of time to complete service of the complaint to the actual service date. A court may extend the period of time for service after the expiration of the 60 days if the failure to effect service was the result of excusable neglect. V.R.C.P. 6(b)(2); see also Bessette, 2007 VT 42, ¶ 5, 928 A.2d at 516.

"Excusable neglect" is "at a minimum, some reasonable basis for non-compliance within the allotted time period." Miller v. Ladd, 437 A.2d 1105, 1107 (Vt. 1981). Using the United States

7

Supreme Court as a guide, the Vermont Supreme Court established four factors when considering "excusable neglect": (1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. In re Town of Killington, 2003 VT 87A, ¶ 16, 838 A.2d 98, 104 (2003) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993).[2]

The Court finds that all factors favor enlargement in this case. The parties agree that Plaintiff acted in good faith, believing that the federal service of process limit applied to this action. Furthermore, the length of the delay should not seriously hinder judicial proceedings. Defendant was aware of the possibility of a suit weeks after the accident. It should not have lost any ability to interview witnesses or gather necessary information. Although Defendant may consider that it has suffered prejudice because it has been deprived of a statute of limitations defense, no other circumstances demonstrate prejudice in this case.

---

[2] The Vermont Supreme Court was considering excusable neglect under V.R.A.P. 4. Killington, 2003 VT 87A, ¶ 1, 838 A.2d at 99. Enlargement in this case is requested pursuant to V.R.C.P. 6. Nonetheless, the Court finds these factors to be an appropriate guide in determining excusable neglect.

The Court also finds that, in this specific case, Plaintiff's belief that federal procedure rules applied is an acceptable reason for the delay. As a general rule, ignorance of the law rarely constitutes excusable neglect. See In re Lund, 2004 VT 55, ¶ 5, 857 A.2d 279, 280-81 (2004). However, the law in this case was not entirely clear, given the arguably ambiguous language in Bessette.

The Court finds that failure to meet the Vermont 60 day service of process limit was excusable neglect in this case. The Motion for Enlargement of Time to Complete Service, ECF No. 4, is GRANTED.

### III. Granting the Motion for Enlargement Renders the Motion to Dismiss Moot

Defendant argues that the Court does not dispose of its Motion to Dismiss simply by granting an enlargement of time to complete service. Defendant claims it has a vested right in a statute of limitations defense that the Court is precluded from abridging, enlarging or modifying under Vermont's Rules Enabling Act, Vt. Stat. Ann. tit. 12, § 1. If such a vested right existed, enlargement of the time period for service of process would be virtually eliminated.

The Court does not find that a statute of limitations defense is a vested right. Defendant offers no authority to

9

support the notion that a viable defense to a cause of action acquires the status of substantive property right.  Indeed, the United States Supreme Court has said that a statute of limitations defense cannot become a substantive vested right. See Campbell v. Holt, 115 U.S. 620, 628 (1885)("We certainly do not understand that a right to defeat a just debt by the statute of limitations is a vested right."); Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314 (1945)("[Statutes of limitations'] shelter has never been regarded as what now is called a 'fundamental' right or what used to be called a 'natural' right of the individual.") Since the enlargement does not deprive Defendant of any vested right, the order for enlargement renders the motion to dismiss moot.

    Defendant's Motion to Dismiss, ECF No. 3, is DENIED.

## Conclusion

Plaintiff failed to serve her complaint within the time required by Rule 3 of the Vermont Rules of Civil Procedure; however, the failure to do so was the result of excusable neglect.  Plaintiff's Motion for Enlargement, ECF No. 4, is GRANTED and the period for service of process is enlarged by 43 days.  Defendant's Motion to Dismiss, ECF No. 3, is DENIED.

Dated at Burlington, in the District of Vermont, this 12th day of July, 2012.

<u>/s/William K. Sessions III</u>
William K. Sessions III
U.S. District Court Judge